ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR REQUEST FOR AN INFORMAL OPINION REGARDING WHETHER A DISTRICT ATTORNEY HAS A DUTY TO PROVIDE LEGAL ADVICE TO COUNTY FAIR BOARDS. THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE FOLLOWING ANALYSIS AND CONCLUSIONS, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTIONS YOU HAVE RAISED.
A DISTRICT ATTORNEY IS DIRECTED TO PROVIDE LEGAL ADVICE TO THE BOARD OF COUNTY COMMISSIONERS AND OTHER CIVIL OFFICERS OF HIS COUNTIES, AND THE MANDATE IS FOUND AT 19 O.S. 215.5 (1991). THAT SECTION PROVIDES, IN RELEVANT PART, AS FOLLOWS:
 "THE DISTRICT ATTORNEY . . . SHALL GIVE OPINION AND ADVICE TO THE BOARD OF COUNTY COMMISSIONERS AND OTHER CIVIL OFFICERS OF HIS COUNTIES WHEN REQUESTED BY SUCH OFFICERS AND BOARDS, UPON ALL MATTERS IN WHICH ANY OF THE COUNTIES OF HIS DISTRICT ARE INTERESTED, OR RELATING TO THE DUTIES OF SUCH BOARDS OR OFFICERS IN WHICH THE STATE OR COUNTIES MAY HAVE AN INTEREST."
ADDITIONALLY, THE DISTRICT ATTORNEY IS AUTHORIZED TO REPRESENT THE TRUST AUTHORITY WHERE A PUBLIC TRUST IS ESTABLISHED FOR PURPOSES OF CONDUCTING FREE FAIRS PURSUANT TO 2 O.S. 157.1 (1991) ET SEQ. SEE 2 O.S. 157.6. HOWEVER, FROM A REVIEW OF THE FACTS PROVIDED WITH YOUR INQUIRY, IT IS MY UNDERSTANDING THAT YOUR QUESTION IS NOT DIRECTED TO SUCH PUBLIC TRUSTS AND, THEREFORE, FOR PURPOSES OF THIS OPINION, 2 O.S. 157.6 DOES NOT APPLY.
IN DETERMINING WHETHER THE DISTRICT ATTORNEY HAS A DUTY TO PROVIDE LEGAL ADVICE TO MEMBERS OF COUNTY FAIR BOARDS, WE MUST DETERMINE WHETHER BOARD MEMBERS ARE COUNTY OFFICERS.
IN 1937, THE OKLAHOMA LEGISLATURE ESTABLISHED AND CREATED A COUNTY FREE FAIR IN EACH COUNTY, TO BE KNOWN OR DESIGNATED AS A COUNTY FREE FAIR ASSOCIATION, AND DECLARED IT NOT TO BE A STATE INSTITUTION. 1937 OKLA. SESS. LAWS, C. 273, S 1, (NOW CODIFIED AS 2 O.S. 104(A)). THE AUTHORITY TO ELECT A BOARD OF DIRECTORS AND A PROCEDURE FOR SAME IS SET OUT IN 2 O.S. 104(C). THAT PROCESS CALLS FOR EACH COUNTY COMMISSIONER TO CONDUCT AN ELECTION IN HIS DISTRICT TO ELECT THREE (3) DIRECTORS AND FOR THE COUNTY CLERK TO ISSUE TO EACH DIRECTOR A CERTIFICATE OF ELECTION.
THE COUNTY COMMISSIONERS AND THE COUNTY EXCISE BOARD MAKE AN ANNUAL LEVY UPON ALL TAXABLE PROPERTY FOR THE USE OF SAID FREE FAIR ASSOCIATION. 2 O.S. 104(E). THE BOARD OF DIRECTORS OF THE FREE FAIR ASSOCIATION IS VESTED WITH CONTROL OF THE FAIRS AND THE EXPENDITURE OF ALL MONEY LEVIED AND COLLECTED FOR THE PURPOSE OF CONDUCTING SAID FAIR. 2 O.S. 104(D). THE BOARD ALSO HAS THE POWER TO ACQUIRE GROUNDS FOR THE FAIR BY LEASE OR PURCHASE, AND TO ERECT AND REPAIR BUILDINGS. 2 O.S. 104(H). ADDITIONALLY, THE BOARD OF DIRECTORS OF THE FREE FAIR ASSOCIATION HAS THE POWER TO RECEIVE CERTAIN TAX LEVIES FROM THE COUNTY TREASURER AND EXPEND THOSE MONEYS IN ADDITION TO ANY OTHER FUNDS COLLECTED BY THE BOARD. 2 O.S. 104D, G, H.
IT WAS DETERMINED IN A PREVIOUS ATTORNEY GENERAL OPINION THAT MEMBERSHIP UPON THE BOARD OF DIRECTORS OF A COUNTY FREE FAIR ASSOCIATION CONSTITUTES A PUBLIC OFFICE. A.G. OPIN. NO. 79-041. IN THAT OPINION, A QUESTION WAS RAISED AS TO WHETHER AN ELECTED SCHOOL BOARD MEMBER COULD CONCURRENTLY SERVE AS A DIRECTOR OF THE FREE FAIR ASSOCIATION WITHOUT VIOLATING THE DUAL OFFICE HOLDING STATUTE, 51 O.S. 6 (DUAL OFFICE HOLDING). THE ANALYSIS IN THAT OPINION WHICH SUPPORTED THE CONCLUSION THAT THE POSITION OF DIRECTOR OF A COUNTY FREE FAIR ASSOCIATION WAS A PUBLIC OFFICE CONSIDERED THE CRITERIA ESTABLISHED IN THE CASE OF GUTHRIE DAILY LEADER V. CAMERON,41 P. 635 (1895). THE OKLAHOMA SUPREME COURT IN GUTHRIE STATED IN RELEVANT PART, AS FOLLOWS:
 "A PUBLIC OFFICE IS THE RIGHT, AUTHORITY, AND DUTY CREATED AND CONFERRED BY LAW, BY WHICH, FOR A GIVEN PERIOD, EITHER FIXED BY LAW OR ENDURING AT THE PLEASURE OF THE CREATING POWER, AN INDIVIDUAL IS INVESTED WITH SOME PORTION OF THE SOVEREIGN FUNCTIONS OF THE GOVERNMENT, TO BE EXERCISED FOR THE BENEFIT OF THE PUBLIC."
41 P. AT 636.
THE ATTORNEY GENERAL IN ANALYZING FOR DUAL OFFICE HOLDING CONSIDERATIONS OPINED THAT THE POWERS AND DUTIES OF THE FREE FAIR ASSOCIATION DIRECTORS WERE IDENTICAL TO MANY OF THE POWERS AND DUTIES OF A SCHOOL BOARD AND MUST BE REGARDED AS THE EXERCISE OF "SOME PORTION" OF THE SOVEREIGNTY OF GOVERNMENT, CITING THE GUTHRIE DECISION. A.G. OPIN. NO. 79-041. THAT OPINION CONCLUDED THE POSITION OF DIRECTOR OF A COUNTY FREE FAIR ASSOCIATION WAS A PUBLIC OFFICE.
IN VIEW OF THE FACT THAT A.G. OPIN. NO. 79-041 DETERMINED THAT MEMBERSHIP ON THE BOARD OF A COUNTY FREE FAIR ASSOCIATION IS A PUBLIC OFFICE, THAT THE COUNTY COMMISSIONERS AND COUNTY EXCISE BOARD MAKE AN ANNUAL LEVY UPON ALL TAXABLE PROPERTY FOR USE OF THE FREE FAIR ASSOCIATION, AND THAT THE FREE FAIR ASSOCIATION CAN RECEIVE AND TAX LEVIES FROM THE COUNTY TREASURER, IT CAN BE CONCLUDED THAT COUNTY FREE FAIR ASSOCIATION BOARD MEMBERS ARE COUNTY OFFICERS.
SINCE THE DIRECTORS OF COUNTY FREE FAIR ASSOCIATIONS ARE COUNTY OFFICERS, THEY ARE ENTITLED TO UTILIZE THE SERVICES OF THE LOCAL DISTRICT ATTORNEY, OR HIS/HER ASSISTANTS FOR LEGAL SERVICES. IT IS THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT PURSUANT TO 19 O.S. 215.5 (1991), THE DISTRICT ATTORNEY HAS THE DUTY TO PROVIDE LEGAL ADVICE TO THE BOARD OF DIRECTORS OF THE COUNTY FREE FAIR ASSOCIATIONS FOR THE COUNTIES LOCATED WITHIN HIS/HER DISTRICT ATTORNEY DISTRICT IN MATTERS RELATING TO DUTIES OF SUCH BOARDS.
(GLEN D. HAMMONDS)